IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MICAH BORGES                                                    PLAINTIFF


        v.                        CIVIL NO. 13-5185


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                  DEFENDANT


                    **MEMORANDUM OPINION**


        Plaintiff, Micah Borges, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

**I.      Procedural Background:**

        The applications for SSI presently before this Court was protectively filed on June 12,

2008, alleging an inability to work due to a neurological disorder.  (Tr. 112, 116).  An

administrative hearing was held on November 23, 2009, at which Plaintiff appeared with counsel

and testified.  (Tr. 7-36).

        In a written decision dated December 15, 2009, the ALJ found that Plaintiff retained the

RFC to perform a full range of work at all exertional levels with some non-exertional limitations.

(Tr. 44-52).  The Appeals Council declined review of the ALJ's decision on December 3, 2010.

(Tr.1-5).  Plaintiff appealed this decision in federal district court.

In a decision dated May 12, 2012, the Court remanded Plaintiff's case back to the

Commissioner.  (Tr. 531-538).  The Appeals Council vacated the ALJ's December 15, 2009,

decision, and remanded Plaintiff's case back to the ALJ on September 20, 2012. (Tr. 539-542).

The Appeals Council noted that Plaintiff had filed a subsequent application for SSI benefits on

April 9, 2010, and had received a favorable decision on March 12, 2012. (Tr. 522-530).  Plaintiff

had been found to be disabled as of December 16, 2009.

On March 28, 2013, a supplemental video hearing before the ALJ was held, at which

Plaintiff appeared with counsel and testified.  (Tr. 499-519).  The ALJ noted that the Appeals

Council did not re-open the March 12, 2012, favorable decision. (Tr. 503).

By written decision dated May 22, 2013, the ALJ found that Plaintiff had an impairment

or combination of impairments that are severe.  (Tr. 486).  Specifically, the ALJ found Plaintiff

had the following severe impairments: a mood disorder, anxiety, depression, and bipolar disorder

with pseudoseizures.  However, after reviewing all of the evidence presented, the ALJ

determined that Plaintiff's impairments do not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No.

4. (Tr. 486).  The ALJ found Plaintiff retained the RFC to:

> perform a full range of work at all exertional levels but with the following non-
> exertional limitations:  The claimant must avoid hazards including unprotected
> heights and heavy, moving machinery.  He can understand, remember, and carry
> out simple, routine, repetitive tasks.  He can respond to usual work situations,
> routine work changes, and supervision that is simple, direct, and concrete.  He
> can occasionally interact with supervisors, co-workers, and the public.

AO72A
(Rev. 8/82)

(Tr. 488). With the help of vocational expert testimony, the ALJ found Plaintiff could perform work as a hand packager, an industrial cleaner, and a hospital food worker. (Tr. 492).

Plaintiff now seeks judicial review of that decision. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one

year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. § 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff argues the following issues on appeal:1) the ALJ erred in determining Plaintiff's RFC; 2) the ALJ erred in his analysis of Plaintiff's credibility; and 3) the ALJ proposed an incomplete hypothetical question to the vocational expert.

-4-

### A.   RFC Assessment:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform work at all exertional levels with some nonexertional limitations.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of treating, examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions.  Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant

AO72A
(Rev. 8/82)

or the government, if they are inconsistent with the record as a whole).  With regard to Dr.

Joseph O'Connell opining that Plaintiff was unable to work, the ALJ specifically addressed Dr.

O'Connell's opinion and found that this opinion was inconsistent with the medical evidence that

indicated Plaintiff's impairments improved with treatment.  Davidson v. Astrue, 501 F.3d 987,

990-91 (8th Cir. 2007) (finding ALJ correctly discounted a physician's assessment report when

his treatment notes contradicted the report).  Based on the record as a whole, the Court finds

substantial evidence to support the ALJ's RFC determination for the relevant time period.

> **B.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective

complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating

factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not

discount a claimant's subjective complaints solely because the medical evidence fails to support

them, an ALJ may discount those complaints where inconsistencies appear in the record as a

whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility

is primarily a matter for the ALJ to decide."  Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and

evaluated Plaintiff's subjective complaints, including the Polaski factors.  A review of the record

for the relevant time period indicates that Plaintiff was able to take care of his personal needs;

perform certain household chores; prepare simple meals; read; write and play instruments; help

care for an ill grandparent; and carry a full-time student load at a university with some

-6-

accommodations.  (Tr. 149, 194, 465, 467, 470, 477-478).  Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.    Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).   Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that during the relevant time period Plaintiff's impairments did not preclude him from performing work as a hand packager, an industrial cleaner, and a hospital food worker.  (Tr. 613-614). Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**D.    Fully and Fairly Develop the Record:**

An ALJ is required to develop the record fully and fairly. See Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000) (ALJ must order consultative examination only when it is necessary for an informed decision).   After reviewing the administrative record, it is clear that the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

AO72A
(Rev. 8/82)

**IV.**   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 31st day of January, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)